UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:25-CV-00089-DLB-EBA

DIMITRI S. WOLF, PLAINTIFF,

V. **ORDER & RECOMMENDED DISPOSITION**

COMMISSIONER COOKIE CREWS, *et al*., DEFENDANTS.

*** *** *** ***

This matter is before the Court on several pending motions filed by Plaintiff Dimitri S. Wolf. [R. 24; R. 28; R. 29; R. 30; R. 32]. The Defendants filed a response to two of the pending motions. [R. 25; R. 31]. The Court recognizes that Wolf is proceeding *pro se* in this matter and thus, construes his pleadings more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381–83 (2003).

## FACTUAL AND PROCEDURAL BACKGROUND

Dimitri S. Wolf is an inmate currently incarcerated at the Kentucky State Penitentiary. On September 18, 2025, Wolf initiated the underlying action by filing his complaint pursuant to 42 U.S.C. § 1983. [R. 1]. Therein, Wolf claims that while he was incarcerated at the Eastern Kentucky Correctional Complex (EKCC), on August 7, 2025, during a search of his cell, Correctional Officer (C.O.) Jesse Strong, C.O. Denny Esteppe, and C.O. Austin Trent used excessive force in violation of his constitutional rights. [*Id*. at pgs. 2-3]. Specifically, he states that his face was pushed up against the wall, officers forced him on the ground in handcuffs, put their knees on his neck, and he suffered multiple seizures as a result. [*Id*. at pgs. 4-5]. Wolf also claims that the officers never notified medical staff that he was having seizures. [*Id*.]. In his complaint, Wolf named C.O. Austin Trent, C.O. Jessie Strong, C.O. Denny Esteppe, Allyson Lambert (Kentucky Ombudsmen), Hall

Holbrooke (Grievance Coordinator), Scott Jordan (Deputy Commissioner), Commissioner Cookie Crews, Warden Shawn McKenzie, David Vance (Deputy Warden of Security), and the Commonwealth of Kentucky, Department of Corrections. [*See* R. 1].

After his complaint was filed, on initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), Chief Judge David L. Bunning allowed Wolf to go forward with his excessive force and deliberate indifference claims against three defendants in their individual capacities: C.O. Austin Trent, C.O. Jessie Strong, and C.O. Denny Esteppe, all EKCC employees. [R. 9 at pg. 1]. However, Judge Bunning dismissed Wolf's claims against the remaining Defendants. [*See id.*].

## ANALYSIS

### 1. Motion to Transfer Facilities

First, Wolf has filed a motion for transportation to another correctional facility. [R. 24]. As cause, Wolf alleges that he is suffering harassment, misconduct, and is being targeted by the staff at the Kentucky State Penitentiary and by the Defendants' friends and coworkers. [*Id.*]. In response, Defendants state that they "have no control and/or authority to authorize [Wolf's] transfer to another correctional facility, and as such, they oppose the motion." [R. 25 at pg. 1].

Generally, prisoners do not have an inherent right under the United States Constitution to be housed in a particular prison facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). "In the absence of some extraordinary or compelling reason, this Court denies motions and requests by prisoners to be transferred to different correctional facilities." *Gresham v. Granholm*, No. 2:09–CV–231, 2012 WL 3126781, at *4 (W.D. Mich. July 31, 2012); *see also Salaam v. McKee*, No. 5:05–CV–97, 2006 WL 2590509, at *1 (W.D. Mich. Aug. 2, 2006) (noting that prisoner plaintiffs are not entitled to reside in the prison of their choice, as they have no liberty or property interest

in confinement at a particular prison) (collecting cases), *report and recommendation adopted*, No. 5:05-CV-97, 2006 WL 2583276 (W.D. Mich. Sept. 7, 2006).

In this case, Wolf's conclusory, unsworn allegations do not establish extraordinary or compelling reasons to warrant granting his motion. Further, as discussed, the Commissioner, Deputy Commissioner, Warden, and Deputy Warden are no longer parties to this action. [*See* R. 9]. Wolf's remaining claims are against three EKCC officers in their individual capacities who have no control or authority to authorize Wolf's transfer to another correctional facility. Therefore, the Court will recommend denying Wolf's request to transfer facilities. [R. 24].

**2. Motions for Discovery Requests**

Next, Wolf has filed three motions requesting discovery materials from non-parties to the underlying action. First, Wolf requests a Court Order for the Eastern Kentucky Correctional Complex to release witness statements and camera footage relevant to the underlying action. [R. 28]. Wolf also requests that Court Orders be issued to the warden, the deputy wardens, internal affairs staff members, and to the Kentucky State Penitentiary to obtain certain documents, camera footage, and statements he deems necessary to complete fact discovery. [R. 29]. Finally, Wolf has filed a motion requesting the Court to order the Kentucky State Penitentiary legal librarian to provide to him "documents/evidence of proof for fact discover" that pertain to his two pending cases in the Eastern District. [R. 32].

Rule 45 of the Federal Rules of Civil Procedure governs discovery requested on non-parties. Discovery may be obtained from non-parties through the use of a subpoena to produce documents. FED. R. CIV. P. 45(c)(2). However, in this case, Wolf has not issued any subpoenas to the non-parties he is now requesting discovery from. Instead, he seeks the Court to Order

production of the discovery he requests. [*See* R. 28; R. 29]. These types of motions are not proper under the Federal Rules. Therefore, the Court will deny Wolf's motions. [R. 28; R. 29; R. 32].

**3. Motion for an Extension of Time**

Finally, Wolf requests an extension of 30 days to complete discovery. [R. 30]. Rule 16 gives this Court the power to create a scheduling order and, in turn, establish discovery deadlines. FED. R. CIV. P. 16(b). The Court enjoys "broad discretion" when overseeing discovery, fashioning deadlines, and determining the scope of discovery. *Waters v. City of Morristown*, 242 F.3d 353, 363 (6th Cir. 2001). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause" and with the Court's consent. FED. R. CIV. P. 16(b)(4). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F.App'x. 296, 306 (6th Cir. 2014) (citation omitted).

As cause for the requested extension, Wolf argues that additional time is needed so that he can be transferred facilities and obtain the discovery he requests in his previous motions. [R. 30]. However, as discussed above, the Court will deny his motion for a transfer and his motions for discovery. Thus, because Wolf has failed to establish any other circumstance that warrants good cause for an extension, the Court will deny the motion. [R. 30]. Therefore, having considered the matter and being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Wolf's motion, [R. 24], be **DENIED.**

Further**, IT IS ORDERED** that Wolf's motions, [R. 28; R. 29; R. 30; R. 32], are **DENIED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be

filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2).

Signed August 4, 2026.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Edward B. Atkins*** EBA

**United States Magistrate Judge**